**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abdullah SHABAZZ, Defendant–Appellant.**

No. 06–30381.

United States Court of Appeals, Ninth Circuit.

**530**

Submitted Feb. 9, 2007.*

Filed Feb. 22, 2007.

David L. Atkinson, Portland, OR, for Plaintiff–Appellee.

Gerald Needham Fax, FPDOR–Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before THOMPSON and BYBEE, Circuit Judges, and MILLS **, District Judge.

MEMORANDUM ***

Abdullah Shabazz appeals the thirty-six month sentence imposed by the district court following his guilty plea and conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's imposition of a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) (Nov. 1, 2004) for an "altered or obliterated" serial number, where the serial number was painted over, but the paint was removable by applying acetone. *See United States v. Carter*, 421 F.3d 909, 911 (9th Cir.2005). Shabazz concedes that the multiple layers of thick, black paint completely obscured the shotgun's serial number, making it unobservable to the naked eye. Shabazz contends, however, that he painted the shotgun not to render it untraceable, but

rather to make it resemble another gun that he was unable to buy.

The district court correctly applied the § 2K2.1(b)(4) (Nov. 1 2004) two-level enhancement in accordance with our past decisions in *United States v. Romero–Martinez*, 443 F.3d 1185 (9th Cir.2006), and *Carter*, 421 F.3d 909, as well as the First Circuit's decision in *United States v. Adams*, 305 F.3d 30 (1st Cir.2002) (discussed and cited with approval in *Carter*, 421 F.3d at 915–16). That the serial number was traceable after the police lab scrubbed the paint off with acetone is of no moment because, as we explained in *Carter*, "the ordinary meaning of the phrase 'altered or obliterated' cannot support the contention that a serial number must be rendered scientifically untraceable for § 2K2.1(b)(4) to apply." 421 F.3d at 911. Furthermore, it is inconsequential that the scientific process of applying the chemical solvent acetone is less complex and less difficult to undertake than the microscopy required in *Carter*. Whether the serial number was defaced through grinding, application of a copper patina, or painting, the result is the same—the serial number was rendered indiscernible to the naked eye and thus "[wa]s materially changed in a way that makes accurate information less accessible." *Id.* at 916; *see also Adams*, 305 F.3d at 34–35.

Although Shabazz's actions may have been motivated purely by aesthetics, application of the enhancement remains appropriate. The commentary to the Guideline indicates that the enhancement applies without regard to a defendant's mental state. *See* U.S.S.G. § 2K2.1(b)(4) cmt. n.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

16 (Nov. 1, 2004) (now U.S.S.G. § 2K2.1(b)(4) cmt. n. 8(B) (Nov. 1, 2006)); *Carter*, 421 F.3d at 915 n. 2. Shabazz's actions materially changed the serial number "in a way that makes accurate information less accessible." *Carter*, 421 F.3d at 910. Thus, the district court correctly applied the § 2K2.1(b)(4) two-level enhancement for an "altered or obliterated" serial number.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.